**COREY WRIGHT**
        **Petitioner-defendant,**

  v.                                        **Case No. 15-C-1330**
                                              **Criminal Case No. 03-CR-248**

**UNITED STATES OF AMERICA**
        **Respondent-plaintiff.**

## ORDER

Petitioner Corey Wright pleaded guilty to felon in possession of a firearm, 18 U.S.C. § 922(g)(1); possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) & (b)(1)(C); and use of a firearm in relation to a drug trafficking offense, 18 U.S.C. § 924(c). At his August 19, 2004 sentencing hearing, the court found that petitioner qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA") on the felon in possession count based on his prior convictions for recklessly endangering safety, burglary, and battery by a prisoner, triggering a 15 year mandatory minimum, 18 U.S.C. § 924(e); otherwise, the offense carried a maximum of 10 years, 18 U.S.C. § 924(a)(2). The court sentenced petitioner to 188 months on the felon in possession and drug trafficking counts running concurrently, and 60 months on the § 924(c) count running consecutively, for a total of 248 months. Petitioner filed a notice of appeal but later dismissed his direct appeal. In 2012, he filed a motion challenging his sentences under 28 U.S.C. § 2255, which the court denied.

Earlier this year, the Supreme Court struck down the ACCA's "residual clause" as unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551 (2015). In Price v. United

States, 795 F.3d 731 (7th Cir. 2015), the Seventh Circuit held that Johnson announced a new substantive rule which applied retroactively to cases on collateral review. On October 22, 2015, the Seventh Circuit granted petitioner authorization to file a successive § 2255 motion raising a Johnson claim. Petitioner has now filed a § 2255 motion pursuant to that authorization, requesting that his sentences be vacated and the matter be scheduled for re-sentencing. The government does not oppose the relief requested.

The parties agree that petitioner's recklessly endangering safety conviction qualified as a violent felony under the ACCA's residual clause, and that he has no other convictions that could serve as a third ACCA predicate. Therefore, his current sentence of 188 months on the felon in possession count is "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The parties further agree that petitioner should be re-sentenced on all three counts, as the ACCA determination impacted the overall guideline calculation and the resulting sentences.

**THEREFORE, IT IS ORDERED** that petitioner's unopposed motion (R. 1) is **GRANTED**, and petitioner's sentences are **VACATED**. The Clerk is directed to enter judgment in Case No. 15-C-1330.

**IT IS FURTHER ORDERED** that this matter is scheduled for **RE-SENTENCING** on **Wednesday, January 27, 2016, at 1:30 p.m.** The government shall ensure that petitioner is produced for this proceeding.

**IT IS FURTHER ORDERED** that on or before **January 6, 2015**, the probation office file an update to the PSR recalculating the sentencing guidelines without the ACCA designation. The report shall also include proposed conditions of supervised release, see United States v.

Thompson, 777 F.3d 368 (7th Cir. 2015), and a statement of petitioner's conduct and performance in prison.

**FINALLY, IT IS ORDERED** that the parties file any sentencing motions, memoranda, or other supporting materials on or before **January 20, 2016**.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge